**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

**EBONY ETHEREDGE,**

      Plaintiff,

v.

**J.A.W. ENTERTAINMENT, INC.**, a Florida
corporation, and
**JOE LONG**, individually,

      Defendants.

<u>**COMPLAINT**</u>

COMES NOW, the Plaintiff, EBONY ETHEREDGE, by and through the undersigned counsel

and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), hereby brings this action against

Defendant, J.A.W. ENTERTAINMENT, INC. d/b/a Club Climaxxx and f/k/a Club Rol-Lexx and

Defendant JOE LONG ("Defendants"), for violations under the Fair Labor Standards Act, as amended,

29 U.S.C. § 216(b) (hereinafter as "FLSA").  Plaintiff seeks unpaid overtime wages, minimum wages,

liquidated damages, reasonable attorney's fee and costs from Defendant.  Plaintiff also requests the

Court to authorize concurrent notice to all persons who were formerly employed by Defendant or who

were so employed during the Liability Period, informing them of the pendency of this action and their

right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1.   This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*  The Court has

jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2.   Venue is proper in the United States District Court for the Southern District of Florida as the

unlawful practices alleged herein took place in Miami-Dade County, Florida, and the Defendant

are Florida corporations who transact business in Miami-Dade County, Florida, and the

transaction that is the basis of Plaintiff's Complaint occurred within the District and venue,

therefore, properly lies in this Court.

## PARTIES

3.   Plaintiff is an individual residing in North Carolina.  Plaintiff became employed and hired by

Defendant in about November 2012, and worked for Defendants as an "Exotic Dancer" until

approximately May 27, 2018.

4.   At all times material, Plaintiff was an employee of Defendants within the meaning of the FLSA.

5.   Defendant, J.A.W. ENTERTAINMENT INC., is a Florida corporation formed and existing under

the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an

employer as defined by 29 U.S.C. §203(d).

6.   At times relevant[1], the Defendant, JOE LONG, was an individual resident of the State of Florida

---

[1] While a court-appointed Receiver operated the club f/k/a Club Rol-Lexx and currently d/b/a Club Climaxxx, during a period of time relevant to this litigation, it is argued by Plaintiffs that Defendant J.A.W. Entertainment Inc. and Defendant Joe Long are liable for the entire relevant period of time as they assumed any and all liability from the court-

who owned and/or operated Defendant J.A.W. ENTERTAINMENT INC, the owner and operator of the club f/k/a Club Rol-Lexx and currently d/b/a Club Climaxxx, where Plaintiffs were employed.  Defendant JOE LONG set the rules and policies of its workers and was, and is, involved in the day-to-day opertation of the club f/k/a Club Rol-Lexx and currently d/b/a Club Climaxxx.   Defendant JOE LONG acted and acts directly in the interests of J.A.W. ENTERTAINMENT INC, in relation to its employees, and thus, Defendant JOE LONG, was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7.      Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

8.      Throughout Plaintiff's employment with Defendants, Defendant J.A.W. ENTERTAINMENT INC was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

9.      At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant J.A.W. ENTERTAINMENT INC having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.  Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

10.     The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendant who worked on or after March 15, 2015, and who were not paid at least the minimum

---

appointed receiver in regaining possession of the club in question in April 2017, and further under the theory of FLSA successor liability.

wage for each hour worked, and worked overtime hours but did not receive time-and-a-half wages for such overtime hours.

11.   At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay to Plaintiffs an hourly rate of at least the minimum wage, and failed to properly pay for those hours worked in excess of Forty (40) hours within a work week.

12.   Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during Plaintiff's employment with Defendants.

13.   Plaintiff was never paid a direct wage by Defendants.

14.   Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants.

15.   However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to them nor did they pay the minimum wage.

16.   Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

## COUNT I
## FEDERAL MINIMUM WAGE

17.   Plaintiff, EBONY ETHEREDGE, realleges and incorporates herein the allegations contained in paragraphs 1-16.

18.   Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing

to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, EBONY ETHEREDGE, demands judgment against the Defendants, jointly and severally, for the following:

(a)     Unpaid minimum wages found to be due and owing;

(b)     An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and

(e)     Such other relief as the Court deems just and equitable.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

19.     Plaintiff, EBONY ETHEREDGE, re-alleges and incorporates herein the allegations contained in paragraphs 1-16.

20.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week.  All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

21.     By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to Plaintiff) have suffered damages plus incurring costs and reasonable attorney's fees.

22.     As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to Plaintiff) are entitled to liquidated damages.

23.     Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay

their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to

recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff EBONY ETHEREDGE, and those similarly situated to Plaintiff who opt

into this action, demand judgment against the Defendants, jointly and severally, for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional amount equal to the minimum overtime wages found to be due and

owing as liquidated damages;

(c)     A reasonable attorney's fee and costs; and

(d)     Such other relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

24.     Plaintiff demands a jury trial on all issues so triable.


DATED:  December 17, 2019

MILITZOK LAW, P.A.
*Attorney for Plaintiff*
Wells Fargo Building
4600 Sheridan Street, Suite 402
Hollywood, Florida 33021
(954) 780-8228 - Telephone
(954) 719-4016– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993