UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-25186-GAYLES/OTAZO-REYES

**EBONY ETHEREDGE**,

    Plaintiff,

v.

**J.A.W. ENTERTAINMENT, INC.,
and JOE LONG**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants J.A.W. Entertainment, Inc., and Joe Long's (collectively, the "Defendants") Motion to Dismiss or in the Alternative Motion for a More Definite Statement (the "Motion") [ECF No. 9]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, Defendants' Motion is granted.

## BACKGROUND[1]

In November 2012, Plaintiff began her employment with Defendants as an "Exotic Dancer" and remained employed until May 27, 2018.[2] During her employment, Plaintiff regularly worked

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Plaintiff's allegations in the Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (stating that when reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true).

[2] The Court notes that Plaintiff's dates of employment are unclear. In her Amended Complaint, Plaintiff states that she was employed by Defendants "in about November 2012, and worked for Defendants . . . until approximately May 27, 2018." [ECF No. 6 at 2 ¶ 3]. In her Notice of Filing Statement of Claim, however, Plaintiff states that she was "employed by Defendants . . . from approximately January 18, 2003 to approximately August 20, 2017 . . . ." [ECF No. 7 at 1 ¶ 1]. In the exhibit attached to Defendants' Motion, Plaintiff claims yet another date of employment, stating that she was employed "between the dates of approximately January 18, 2013 to approximately August 20, 2017." [ECF No. 9-1].

in excess of forty (40) hours per work week. Plaintiff states that she was never paid a direct wage by Defendants during her employment. Plaintiff also states that Defendants neither paid the minimum wage nor time and a half wages for all overtime hours worked during her employment.

On December 17, 2019, Plaintiff filed her original Complaint in federal court, bringing claims against Defendants for failure to pay the federal minimum wage and overtime payment, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* [ECF No. 1]. On January 30, 2020, Plaintiff filed an Amended Complaint, realleging her claims under the FLSA and bringing a claim under the Florida Minimum Wage Act ("FWMA"), Fla. Stat. § 448.110. [ECF No. 6]. On February 25, 2020, Defendant filed the instant Motion, arguing that because Plaintiff was an independent contractor paid through tips, she is not entitled to minimum wage or overtime compensation under the FLSA and that Plaintiff failed to comply with the FMWA's pre-suit notice requirement.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). At bottom, the question is not whether the plaintiff "will ultimately prevail . . . but whether his complaint [is]

sufficient to cross the federal court's threshold . . . ." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation marks and citation omitted).

## DISCUSSION

Defendant argues that Plaintiff's FLSA claims must be dismissed because she was an independent contractor who was paid through tips and that Plaintiff's FMWA claim must be dismissed because Plaintiff failed to satisfy the pre-suit notice requirement. For the reasons stated below, each count in the Amended Complaint must be dismissed for failure to properly state a claim.

### A.     FLSA Minimum Wage & Overtime Claims (Count I & Count III)

Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of section 206 [minimum wages] or section 207 [overtime compensation] . . . shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . ." 29 U.S.C. § 216(b). "The requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees . . . .'" *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)). To bring a *prima facie* case for either minimum wage or overtime compensation violations under the FLSA, a plaintiff must initially show an employment relationship with the employer and that the employer engaged in interstate commerce. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). A minimum wage violation requires an additional showing that the employer failed to pay the plaintiff minimum wages. *Id.* An overtime compensation violation, however, requires a showing that the plaintiff "worked unpaid overtime and [] that the employer

3

knew or should have known of the overtime work." *White v. Dixie*, 741 F. App'x 649, 661–62 (11th Cir. 2018) (citing *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015)).

Although Plaintiff provides factual allegations to plausibly support claims for minimum wage and overtime compensation under the FLSA, she fails to properly allege or address the elements of each claim within each count of the Amended Complaint.[3] As to her minimum wage claim, Plaintiff alleges that "Defendants willfully violated . . . the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage" without alleging the remaining elements or specific relevant facts of that claim within Count I. *See* [ECF No. 6 ¶ 18]. Plaintiff's overtime compensation claim fairs no better—Plaintiff states that she is "entitled to be paid time and one-half of his [sic] regular rate of pay for each hour worked in excess for [sic] Forty (40) hours per work week" but similarly fails to allege the elements and factual basis of that claim within Count III. *See* [ECF No. 6 ¶ 24]. While Plaintiff reincorporates paragraphs 1–16 into each of her counts, she fails to identify which facts are relevant to which count. It is not for the Court to discern among general allegations those which are most relevant to a particular claim or count in Plaintiff's Amended Complaint. Thus, Counts I and III of Plaintiff's Amended Complaint must be dismissed for failure to properly state a claim.

Defendants contend that Plaintiff is barred from bringing her FLSA claims because of her alleged status as an independent contractor who was tipped. Determining whether Plaintiff was in fact an employee or an independent contractor may require that the Court to look past "the 'label'

---

[3] As previously noted, Plaintiff has provided three different time periods during which she claims to not have been paid by Defendants. *See* [ECF No. 6 at 2 ¶ 3]; [ECF No. 7 at 1 ¶ 1]; [ECF No. 9-1]. Courts in this Circuit have not required that a plaintiff "specify the time period or approximate number of hours worked during a given period to state an FLSA claim." *See, e.g.*, *Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1374 (S.D. Fla. 2016) (emphasis removed) (quoting *Anish v. Nat'l Sec. Corp.*, No. 10-CIV-80330, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010)) (finding the plaintiff's failure to specify any time period or approximate number of hours worked during a given time period to not be a proper basis for dismissal). However, "[p]ractically, Plaintiff must establish the period during which [s]he was not paid . . . , the number of overtime hours worked, and proof that [s]he was not actually paid . . . ." *Maria v. Projekt Prop. Restoration, Inc.*, No. 18-CIV-61279, 2019 WL 1116187, at *2 (S.D. Fla. Jan. 23, 2019).

put on the relationship by the parties" and "look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence." *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) (citations omitted); *see also Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1376 n.1 (S.D. Fla. 2016) ("The economic reality test . . . applies not only at [the] summary judgment stage of proceedings, but also on a motion to dismiss for failure to state a claim on which relief may be granted." (citing *Freeman*, 494 F. App'x at 943)). Because Plaintiff must amend her Amended Complaint in order to properly allege her claims, the Court need not engage in such an inquiry at this time.

## B. FMWA Claim (Count II)

Defendants argue that Plaintiff failed to properly follow the pre-suit notice requirement under Section 448.110 of the FMWA because Plaintiff sent a pre-suit notice letter on December 18, 2019, after filing the instant action. Plaintiff does not deny filing her original Complaint prior to sending her pre-suit notice letter. [ECF No. 12 at 3–4]. Rather, Plaintiff argues that she did not bring a claim under the FMWA until January 30, 2020, when she filed her Amended Complaint. *Id.* Section 448.110 of the FMWA provides, in relevant part, that:

> [P]rior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stat. § 448.110(6)(a). Once provided with notice, "[t]he employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." *Id.* at § 448.110(6)(b). The Court need not address whether Plaintiff properly complied with the FMWA's pre-suit notice requirement now because Plaintiff fails to allege within her Amended Complaint that she complied with that condition

5

precedent.[4] *See* Fla. Stat. § 448.110(6)(a). As such, Count II of Plaintiff's Amended Complaint must also be dismissed for failure to state a claim.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Defendants J.A.W. Entertainment, Inc., and Joe Long's Motion to Dismiss or in the Alternative Motion for a More Definite Statement, [ECF No. 9], is **GRANTED**;

(2) Defendants J.A.W. Entertainment, Inc., and Joe Long's Motion to Stay, [ECF No. 19], is **DENIED as moot**;

(3) Defendants J.A.W. Entertainment, Inc., and Joe Long's First Motion for Extension of Time to Extend the Discovery Cut-Off, [ECF No. 41], is **DENIED as moot**;

(4) Plaintiff Ebony Etheridge's Amended Complaint, [ECF No. 6], is **DISMISSED without prejudice**;

(5) Plaintiff may request leave to file a second amended complaint on or before October 2, 2020. Failure to do so will result in the Court dismissing this action ***with prejudice***;[5] and

---

[4] The Court briefly notes that, as a factual matter, Plaintiff likely did comply with the pre-suit notice requirement. The letter attached as an exhibit to Defendants' Motion identifies the minimum wage that Plaintiff claims and the total amount of unpaid wages she claims. [ECF No. 9-1]; *see also Faustin v. Mike Pacheco's Lawn Serv., Inc.*, No. 14-CIV-81361, 2015 WL 13779242, at *2 (S.D. Fla. May 29, 2015) (citing *Keh v. Americus & Sumter Cnty. Hosp.*, 377 F. App'x 861, 866 (11th Cir. 2010)) (the court may properly consider "a document attached to a motion to dismiss . . . if it is both: (1) central to the plaintiff's claim; and (2) undisputed."). And, while there are discrepancies in the date of her employment, Plaintiff limits the dates and hours for which she seeks payment to "[t]he period of time . . . from approximately January 3, 2015 through approximately August 20, 2017." *Id.* The letter also clearly indicates that Defendants had "fifteen (15) days from receipt of this letter to cure all *Florida minimum wages* owed to [Plaintiff]." *Id.* (emphasis added). Moreover, the original Complaint did not include a FMWA-based claim and only after the 15-day remediation period had passed did Plaintiff bring forth her FMWA claim in her Amended Complaint. *Compare* [ECF No. 1] (no FMWA claims included in Complaint filed on December 17, 2019) *with* [ECF No. 6] (FMWA claim included in Amended Complaint filed on January 30, 2020).

[5] If Plaintiff wishes to amend her Amended Complaint, she must request leave to file a seconded amended complaint in a properly filed motion before the Court. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (citation omitted)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff

(6) This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of September, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

must comply with Federal Rule of Civil Procedure 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment").