UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-25186-DPG

**EBONY ETHEREDGE,**

    Plaintiff,

v.

**J.A.W. ENTERTAINMENT, INC.**, a Florida corporation, and
**JOE LONG**, individually,

    Defendants.

**SECOND AMENDED COMPLAINT**

COMES NOW, the Plaintiff, EBONY ETHEREDGE, by and through the undersigned counsel and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), hereby files this Second Amended Complaint against Defendant, J.A.W. ENTERTAINMENT, INC. d/b/a Club Climaxxx and f/k/a Club Rol-Lexx and Defendant JOE LONG ("Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"), pursuant to this Honorable Court's Order [DD 42].

Plaintiff seeks unpaid overtime wages, minimum wages, liquidated damages, reasonable attorney's fee and costs from Defendant. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendant or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1.    This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2.    Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Miami-Dade County, Florida, and the Defendant are Florida corporations who transact business in Miami-Dade County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3.    Plaintiff is an individual residing in North Carolina. Plaintiff became employed and hired by Defendant on approximately January 18, 2003, and worked for Defendants as an "Exotic Dancer" until approximately May 27, 2018.

4.    Defendant, J.A.W. ENTERTAINMENT INC., is a Florida corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

5.    At times relevant[1], the Defendant, JOE LONG, was an individual resident of the State of Florida who owned and/or operated Defendant J.A.W. ENTERTAINMENT INC, the owner and operator

---

[1] While a court-appointed Receiver operated the club f/k/a Club Rol-Lexx and currently d/b/a Club Climaxxx, during a period of time relevant to this litigation, it is argued by Plaintiffs that Defendant J.A.W. Entertainment Inc. and Defendant Joe Long are liable for the entire relevant period of time as they assumed any and all liability from the court-appointed receiver in regaining possession of the club in question in April 2017, and further under the theory of FLSA successor liability.

of the club f/k/a Club Rol-Lexx and currently d/b/a Club Climaxxx, where Plaintiffs were employed. Defendant JOE LONG set the rules and policies of its workers and was, and is, involved in the day-to-day operation of the club f/k/a Club Rol-Lexx and currently d/b/a Club Climaxxx. Defendant JOE LONG acted and acts directly in the interests of J.A.W. ENTERTAINMENT INC, in relation to its employees, and thus, Defendant JOE LONG, was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

6. Throughout Plaintiff's employment with Defendants, Defendant J.A.W. ENTERTAINMENT INC was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

7. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant J.A.W. ENTERTAINMENT INC having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

8. The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendant who worked on or after March 15, 2015, and who were not paid at least the minimum wage for each hour worked, and worked overtime hours but did not receive time-and-a-half wages for such overtime hours.

9. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay to Plaintiffs an hourly rate of at least the minimum wage, and failed to properly pay for those hours worked in excess of Forty (40) hours

within a work week.

10. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants.

11. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to them nor did they pay the minimum wage.

12. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

## COUNT I
## FEDERAL MINIMUM WAGE

13. Plaintiff, EBONY ETHEREDGE, realleges and incorporates herein the allegations contained in paragraphs 1-12.

14. Plaintiff must prove the following three (3) elements in a claim brought under the FLSA: (1) that Plaintiff was employed by Defendants during the relevant period of time; (2) that Defendant's business engaged in commerce or the production of goods for commerce and had annual gross sales of at least Five Hundred Thousand Dollars ($500,000.00); and (3) the Defendant failed to pay Plaintiff a wage of at least the minimum wage.

15. Plaintiff was an employee of Defendants at all times relevant to the violations of the FLSA.

16. Based upon previous litigation with Defendant, and further based upon information and belief, Defendant was engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1), with Defendant having an annual gross sales of at least Five Hundred Thousand Dollars ($500,000.00), thus making Defendant a "covered employer" under the FLSA, during the relevant period of time.

17. Defendants never paid Plaintiff a rate of pay equal or greater to the applicable minimum wage.

18. Defendants failed to pay Plaintiff any wages for her employment with Defendants.

19. Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, EBONY ETHEREDGE, demands judgment against the Defendants, jointly and severally, for the following:

 (a) Unpaid minimum wages found to be due and owing;

 (b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

 (c) Prejudgment interest in the event liquidated damages are not awarded;

 (d) A reasonable attorney's fee and costs; and

 (e) Such other relief as the Court deems just and equitable.

## COUNT II
## RECOVERY OF UNPAID WAGES UNDER FLA. STAT. § 448.110

20. Plaintiff, EBONY ETHEREDGE, re-alleges and incorporates herein the allegations contained in paragraphs 1-12.

21. The Defendants willfully violated Section 448.110 of the Florida Statutes, by failing to pay Plaintiff a direct wage of at least the Florida Minimum Wage for hours worked.

22. Plaintiff has been damaged as a result of Defendants' failure to pay a direct wage of at least the Florida Minimum Wage, to which Plaintiff was entitled.

23. Plaintiff fully complied with the pre-suit notice requirement of Fla. Stat. § 448.110, as Plaintiff served upon Defendants a letter fully outlining her claim for unpaid minimum wages under this section and provided fifteen (15) days for Defendants to cure the minimum wages owed to Plaintiff.

24. Pursuant to Florida Statutes, Section 448.08, Plaintiff is entitled to the costs of this action and reasonable attorney's fees.

WHEREFORE, Plaintiff, EBONY ETHEREDGE, demands judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid wages found to be due and owing;

(b) Prejudgment interest in the event liquidated damages are not awarded;

(c) A reasonable attorney's fee and costs; and

(d) Such other relief as the Court deems just and equitable.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff, EBONY ETHEREDGE, re-alleges and incorporates herein the allegations contained in paragraphs 1-12.

26. Plaintiff must prove the following three (3) elements in a claim brought under the FLSA: (1) that Plaintiff was employed by Defendants during the relevant period of time; (2) that Defendant's business engaged in commerce or the production of goods for commerce and had annual gross sales of at least Five Hundred Thousand Dollars ($500,000.00); and (3) the Defendant failed to pay Plaintiff overtime pay at a rate of time and-a-half the Plaintiff's regular rate of pay for all hours worked over forty (40) hours in each workweek.

27. Plaintiff was an employee of Defendants at all times relevant to the violations of the FLSA.

28. Based upon previous litigation with Defendant, and further based upon information and belief, Defendant was engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1), with Defendant having an annual gross sales of at least Five Hundred Thousand Dollars ($500,000.00), thus making Defendant a "covered employer" under the FLSA, during the relevant period of time.

29. Defendants never paid Plaintiff overtime pay for those weeks in which Plaintiff worked at least forty (40) hours.

30. Defendants failed to pay Plaintiff any wages for her employment with Defendants.

31. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during Plaintiff's employment with Defendants.

32. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

33. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to Plaintiff) have suffered damages plus incurring costs and reasonable attorney's fees.

34. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to Plaintiff) are entitled to liquidated damages.

35. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff EBONY ETHEREDGE, and those similarly situated to Plaintiff who opt into this action, demand judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) A reasonable attorney's fee and costs; and

(d) Such other relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

36. Plaintiff demands a jury trial on all issues so triable.

DATED: December 7, 2020

                                        MILITZOK LAW, P.A.
                                        *Attorney for Plaintiff*
                                        Wells Fargo Building
                                        4600 Sheridan Street, Suite 402
                                        Hollywood, Florida 33021
                                        (954) 780-8228 - Telephone
                                        (954) 719-4016– Facsimile
                                        bjm@militzoklaw.com

                                        By: /s/ Brian Militzok
                                        BRIAN J. MILITZOK, ESQ
                                        Fla. Bar No.: 0069993

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Service List:
Anthony Perez, Esq.
Garcia-Menocal & Perez, P.L.
4937 SW 74th Court, #3
Miami, FL 33155                                    /s/Brian J. Militzok
                                                   Brian J. Militzok